**Hildrie H. TOLBERT, Petitioner-Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Respondent-Appellee.**

**No. 24183.**

United States Court of Appeals, Ninth Circuit.

Nov. 23, 1970.

David K. Yamakawa, Jr., San Francisco, Cal., for appellant.

Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for appellee.

Before KOELSCH, CARTER, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant, Hildrie H. Tolbert, an Arizona state prisoner suing in propria persona for damages and equitable relief under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, appeals from an order granting the motion of the appellee, Warden Frank Eyman, to dismiss under rule 12(b) (6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

Appellant's complaint alleges that he is a diabetic. In 1963, he was diagnosed as suffering from diabetic retinopathy, a disease affecting the eye, and received treatment that substantially improved his vision. After his incarceration in 1967, he received insulin only once a day and one pill a day for high blood pressure. Tolbert alleges that he is now nearly blind and that his legs and feet are continually swollen. He informed a prison doctor of his ailments, but the doctor responded that "he would be the first man in medical history if he had the eye condition" of which he complained. Nevertheless, he and another doctor informed appellant that he could have the medication that he desired if he paid for it. Thereafter, appellant's wife twice sent him the medicine, but prison authorities returned it to her each time for "security reasons." Appellant alleges that he was then told that he could receive the medication if it were sent directly by a druggist. Twice Tolbert's druggist sent the medicine, and twice it was returned.

The district court dismissed the complaint on the ground that Tolbert had failed to show medical care and treatment so inadequate as to justify federal intervention.

Prison officials and medical officers have wide discretion in treating prisoners, and a simple claim of malpractice does not give rise to a claim under sections 1981 or 1983. (Riley v. Rhay (9th Cir. 1969) 407 F.2d 496; Stiltner v. Rhay (9th Cir.) 371 F.2d 420, cert. denied (1967) 386 U.S. 997, 87 S. Ct. 1318, 18 L.Ed.2d 346.) However, failure or refusal to provide medical care, or treatment so cursory as to amount to no treatment at all, may, in the case of serious medical problems, violate the Fourteenth Amendment. (Riley v. Rhay, *supra*; Stiltner v. Rhay, *supra*, 371 F.2d at 421 n. 3.)

Appellee has attempted, as did the district court, to characterize Tolbert's allegations as showing only a difference of opinion between physician and patient over the proper diagnosis and treatment. Such allegations would not state a claim. However, this argument, even if supported by the record, completely misses the thrust of Tolbert's complaint, which names as defendant not the doctors, but the warden. The gravamen of his claim is not that he was erroneously diagnosed by the prison doctor, but that the warden refused to allow him authorized medicine that he needed to prevent serious harm to his health. These allegations state a perfectly viable claim against the appellee. (*See* Riley v. Rhay, *supra*; Coleman v. Johnston (7th Cir. 1957) 247 F.2d 273; McCollum v. Mayfield (N.D.Cal.1955) 130 F.Supp. 112.)

Although the above disposition of appellee's argument and of the district court's opinion is sufficient to require reversal, we reach the merits of that argument because the course that this action has taken at trial and on appeal makes it most improbable that the district court, and eventually this court, will not be faced with those issues during later stages of this litigation. Appellee argues that Tolbert has not stated a claim against the doctors because he did not, as he must, allege that they refused or failed to treat him. Moreover, appellee argues that appellant could not have amended his complaint to meet this requirement because his original complaint shows that appellant did receive an examination and that, therefore, he could not claim to the contrary. Appellee relies heavily upon Tolbert's allegation that the prison physician scoffed at his complaint of eye trouble to establish that appellant was, in fact, given an examination. There is no indication that the doctor's comment was made during or following an examination. Indeed, the subsequent authorization to purchase medicine seems inconsistent with an initial examination and diagnosis. Tolbert may very well have been given adequate examination, diagnosis, and treatment; but, on the record before us, the poten-

tial for strong factual dispute is apparent. This dispute cannot be dealt with by dismissal without leave to amend.

Reversed and remanded.