**GLENWAY INDUSTRIES, INC.,
Plaintiff-Appellant,**

v.

**WHEELABRATOR–FRYE, INC.,
Defendant-Appellee.**

No. 81–3538.

United States Court of Appeals,
Sixth Circuit.

Argued June 21, 1982.

Decided Aug. 19, 1982.

---

Harry M. Hoffheimer, Cincinnati, Ohio, for plaintiff-appellant.

Robert T. Keeler, W. Stuart Dornette, Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendant-appellee.

Before LIVELY and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the entry of summary judgment by Senior District Judge Timothy Hogan in favor of defendant Wheelabrator-Frye, Inc. (WFI) in a diversity action by Glenway Industries, Inc. (Glenway) alleging breach of contract and fraud. For the reasons that follow, this Court affirms the judgment of the district court.

The case arose out of negotiations between Glenway and WFI in 1974 and 1975 concerning Glenway's possible participation in the construction of electrostatic precipitators by WFI. The evidence discloses that subsequent to extensive preliminary discussions, the parties exchanged letters addressing possible terms and conditions pursuant to which Glenway would manufacture a significant component of the precipitator for WFI. Subsequently, WFI issued purchase orders to Glenway based upon the negotiations and correspondence, which purchase orders further finalized the terms of WFI's offer to create a contract.

Glenway did not accept the purchase orders but instead transmitted a letter to WFI citing numerous areas of disagreement and uncertainty as to the terms and conditions of the tendered agreement including a material alteration in price. Further negotiations between the parties on these proposals and on a counter offer by Glenway to perform only the final fabrication on the project, continued into February, 1975 at which time WFI terminated discussions with Glenway.

In the instant case, Glenway argues that a contract was created between the parties in the exchange of correspondence prior to the issuance of the purchase orders or, in the alternative, that Glenway relied upon a promise to contract and therefore WFI

should be estopped from denying the existence of a contract. Moreover, Glenway contends that fraudulent promises were made during the oral negotiations concerning Glenway's alternate proposal, which presently give rise to an action for fraud.

The court of appeals is mandated to apply the same test in passing upon an award of summary judgment as that utilized by the trial court to grant the motion. *Howard v. Russell Stover Candies, Inc.*, 649 F.2d 620 (8th Cir. 1981). Accordingly the conclusions of the trial court are not protected by the "clearly erroneous" rule, *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373 (10th Cir. 1980), but rather the appellate tribunal, viewing the evidence in the light most favorable to the party opposing judgment, must determine if a genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). *See also Security National Bank v. Belleville Livestock Commission Co.*, 619 F.2d 840 (6th Cir. 1980).

Initially, this Court must address the threshold issue of the choice of law in this diversity action. The choice of law herein is determined by reference to the choice of laws rule of the forum state of Ohio. *See, Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1949). In considering a contract claim, Ohio applies the lex loci contractus doctrine which compels application of the law of the place wherein the contract was allegedly made. *Arsham v. Banci*, 511 F.2d 1108 (6th Cir. 1975). As to the fraud allegation, Ohio requires the application of an interests analysis where the governmental interests of the states involved are weighed. The trial court noted that the defendant resides in Pennsylvania and that the "great majority" of negotiations and contacts occurred at WFI headquarters in Pittsburgh. Wherefore, the trial court correctly concluded Pennsylvania law to be applicable to both allegations of the instant complaint.

Glenway presently asserts that its contract claim is "founded" upon the exchange of correspondence in April, 1974. The district court noted that in analyzing the letters of April 14 and 18 "the overriding concern in determining whether there is a contract is whether the parties intended to agree". *See also General Motors Corp. v. Keener Motors, Inc.*, 194 F.2d 669 (6th Cir. 1952); *Watson v. Lehigh Valley Wood Work Corp.*, 198 F.Supp. 273 (E.D.Pa.1961); 1 Williston *Contracts* § 66.

Absent an attempt to introduce extrinsic evidence of intent, which evidence Glenway has never sought to present, the issue of construing the unambiguous terms of the April, 1974 letters is a matter of law properly suited to summary judgment. *Tennessee Consolidated Coal Co. v. United Mine Workers*, 416 F.2d 1192 (6th Cir. 1969), *cert. denied*, 397 U.S. 964, 90 S.Ct. 999, 25 L.Ed.2d 256 (1970). The district judge properly concluded that the letters were plainly negotiating instruments, which were not themselves a contract, but which merely contemplated the future issuance of a purchase order upon a final "meeting of the minds."

Glenway alternatively argues that while it did not formally accept the official WFI purchase orders of September 6, it "relied" upon the promise of a contract which WFI should now be estopped from denying. Initially, the rule is that "the offeror is the master of his offer, and his provision as to the time, place and manner or mode of acceptance must be complied with." *Van Schoiack v. United States Liability Ins. Co.*, 390 Pa. 27, 133 A.2d 509, 514–15 (1957). In the present case, WFI determined the terms of accepting its purchase order to be: Glenway's signature; return of the order form to WFI; and no additional provisions. Glenway did not perform any of the above related acts of acceptance but rather dispatched a letter proposing additional terms including a material alteration in price. Clearly, Glenway did not accept WFI's offer but rather tendered a counter offer.

Further, the district court properly observed that a party cannot equitably rely

upon an offer to contract if the same party refuses to accept the offer when the means of acceptance are known and thereupon attempts to create a new contract upon materially different terms. As the trial court's opinion noted, "the ability to create a binding contract [by simply executing the purchase orders] rested in *Glenway's* lap."

Moreover, Glenway's additional claim for fraud is without merit. Glenway asserts that fraudulent promises were made by WFI during the *oral* negotiations wherein the parties attempted to formulate an alternative contract. Essentially the trial court concluded that where an alleged oral promise is unenforceable under the statute of frauds, that promise cannot be made the basis for an action in fraud. Indeed, to permit such an action for fraud herein would circumvent and thwart the very purpose of the statute of frauds. The trial judge's adjudication of this issue is also correct.

Wherefore, the judgment of the district court in the instant case is hereby affirmed.