765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT B. MILNE, PLAINTIFF-APPELLANT,
v.
FRANK MILLS, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-1493
 United States Court of Appeals, Sixth Circuit.
 5/29/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Robert B. Milne, appeals the summary judgment for defendants in this copyright infringement action. We now affirm that judgment.
 
 
 2
 Plaintiff filed an action in the district court against Frank Mills and several corporate defendants alleging that Mills' popular recording 'Music Box Dancer' is an infringement of Milne's copyrighted work 'The Ragged Music Box.' Mills and the corporate defendants denied the allegations and moved for summary judgment alleging that Mills had written and recorded his composition prior to the date of creation or public performance of Milne's composition. The defendant also alleged that Mills had had no access to hear plaintiff's work which was performed only at a small convention in Canada and at piano bars in the Detroit area. The motion was supported by the affidavits of Mills and Elizabeth Layton, an employee of the Performing Rights Organization of Canada.
 
 
 3
 Plaintiff opposed the motion with two of his own affidavits alleging that the credibility of defendant as a witness raised a genuine issue of material fact. Further, plaintiff alleged that certain evidence supported an inference that defendant's composition and recording were not in fact in existence prior to plaintiff's 1974 creation.
 
 
 4
 Defendants then submitted six more affidavits to support the defense of prior creation and no access. Defendants moved to strike plaintiff's main affidavit on the ground that plaintiff did not have personal knowledge of the facts as claimed, that he was not competent to testify to the matters therein, and that the affidavit strayed far beyond the facts into speculation and argument. Defendants also moved to strike plaintiff's second affidavit because it was not made on personal knowledge. Defendants moved for sanctions and attorneys fees for the cost involved in moving to strike the main affidavit as well as the cost in obtaining a series of affidavits from the National Library of Canada.
 
 
 5
 The district court granted defendants' motion for summary judgment, the motions to strike plaintiff's affidavit and supplemental affidavit, and the motion for sanctions against plaintiff's attorneys Ernest Gifford and Cass Singer. The court denied the motion for sanctions against plaintiff. The court sua sponte struck declarations of Linda and Robert Milne, and one paragraph of the declaration of Ken Glaza. Plaintiff Milne filed a notice of appeal from the summary judgment against him. Neither Ernest Gifford nor Cass Singer filed a notice of appeal from the expenses assessed against them.
 
 
 6
 In reviewing an award of summary judgment, an appellate court, viewing the evidence in the light most favorable to the appellant, must determine if a genuine issue of material fact exists. Glenway Industries, Inc. v. Wheelabrator-Fry, Inc., 686 F.2d 415, 417 (6th Cir. 1982). Milne contends that he raised an issue of material fact regarding Mills' defense of prior creation and no access. We disagree. The affidavits introduced by Milne were conclusory and did not meet the requirements of Federal Rule of Civil Procedure 56(e). They were based on speculation rather than fact. Mere suspicion or possibility, especially when contradicted by defendants' affidavits, does not create an issue of fact. See, e.g., Bryant v. Kentucky, 490 F.2d 1273, 1275 (6th Cir. 1974); Alsbury v. United States Postal Service, 530 F.2d 852, 855 (9th Cir. 1976).
 
 
 7
 We, therefore, AFFIRM the award of summary judgment. We do not have jurisdiction to review the sanctions imposed on Milne's attorneys because they failed to appeal that order. Milne does not have standing to raise the issue for them. See Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 333 (1980).