782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL CHARLES WARD, Plaintiff-Appellant,
v.
WASHTENAW COUNTY SHERIFF'S DEPARTMENT, AND SHERIFF THOMAS
MINICK, Defendants-Appellees.
 82-1902
 United States Court of Appeals, Sixth Circuit.
 12/3/85
 
 BEFORE: MERRITT and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ward appeals the summary judgment for the defendants in this action brought under 42 U.S.C. Sec. 1983. Ward argues that the policy of the county jail and the custom of the sheriff deprived him of reading materials in violation of various provisions in the constitutions of the United States and the state of Michigan.
 
 
 2
 Viewing the pleadings and documentary evidence in the light most favorable to Ward, as we must when reviewing a summary judgment, Glenway Industries, Inc. v. Wheelabrater-Frye, Inc., 686 F.2d 415, 417 (6th Cir. 1982), we find that there are disputes of fact in regard to material issues. The holding in a recent decision from this court raises the possibility that Ward could prevail on a due process claim based on an entitlement created by state law. See Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985). If the Washtenaw County Sheriff's Department is subject to the requirements of Rule 791.6603(3), Mich. Ad. Code (1979), the administrative regulation that governed the state prison administrators in Spruytte, then the policy of the sheriff's department may be invalid. Because it is possible that the due process issue will be dispositive, we decline to address at this time the other constitutional issues, particularly the First Amendment issues. We therefore REVERSE the judgment of the district court and REMAND for further consideration in light of our decision in Spruytte.