785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES ROBERT KIMSEY, Plaintiff-Appellant,
v.
RICHARD SEITER; DR. KENDRICKS, Defendants-Appellees.
 85-3727
 United States Court of Appeals, Sixth Circuit.
 1/10/86
 
 ORDER
 BEFORE: MERRITT, JONES and NELSON, Circuit Judges.
 
 
 1
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the appellant's motion and informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 James Robert Kimsey is appealing the dismissal of his 42 U.S.C. Sec. 1983 prisoner civil rights action. The action was dismissed pursuant to the procedures outlined in Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). Kimsey's action is based upon his allegations of medical indifference. See Estelle v. Gamble, 429 U.S. 97 (1976). The district court dismissed his action because it held the allegations in the appellant's complaint were no more than contentions of medical malpractice which are not actionable under Sec. 1983.
 
 
 3
 A review of the record shows that Kimsey has nad a history of back problems. The present claims concern extreme pain and a fear that he has a ruptured disk. On March 22, 1985, the appellant was transported to an orthopedic surgeon, Dr. Kendricks, for an examination. Kimsey complains that Kendricks only conducted a cursory examination, refused to order x-rays, and would not consider surgery. Instead, the doctor prescribed an uncomfortable back brace. On May 6, 1985, appellee Seiter, after being approached by the appellant, told him to file a grievance or go on sick call. The appellant was allowed to see the prison doctor, Dr. Martinez, the next day. The doctor would not examine him but told him to wear the brace as the specialist instructed. In June, the appellant saw Dr. Wade, a psychiatrist, who recommended that he see Dr. Martinez and be referred to a specialist. The appellant saw Dr. Martinez three days later, and Martinez again refused treatment. On July 12, 1985, the appellant was denied medication for his pain but received 'hot paks' from a nurse.
 
 
 4
 In order to state a cause of action for medical indifference under Sec. 1983, one must show deliberate indifference to a serious medical need. Estelle v. Gamble, supra; Byrd v. Wilson, 701 F.2d 592 (6th Cir. 1983). A difference of opinion between the physician and patient over the proper diagnosis and treatment does not state a constitutional claim. Tolbert v. Eyman, 434 F.2d 625 (9th Cir. 1970). In addition, a claim for medical malpractice is not actionable under Sec. 1983. Estelle v. Gamble, supra at 116 n.14.
 
 
 5
 The appellant's claims do not rise to the level cognizable under Sec. 1983. He was given medical treatment. Kimsey was transported to Dr. Kendricks, allowed to see the prison physician on several occasions, and was given assistance by a prison nurse. While his claims may be actionable as malpractice, they do not constitute an action for medical indifference.
 
 
 6
 Accordingly, it is ORDERED that the motion for counsel be denied and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.