787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL P. WHITTINGTON, Plaintiff-Appellant,
v.
GEORGE WILSON; MICHAEL J. O'DEA, III; AND WILLIAM L.
REYNOLDS, Defendants-Appellees.
 84-6023
 United States Court of Appeals, Sixth Circuit.
 3/5/86
 AFFIRMED
 
 1
 W.D.Ky.
 
 ORDER
 
 2
 BEFORE: MILBURN and RYAN, Circuit Judges; and WILHOIT, District Judge.*
 
 
 3
 Plaintiff appeals the summary judgment for defendants in this pro se civil rights action. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Plaintiff is an inmate in the Kentucky State Reformatory. He filed this pro se civil rights action on March 8, 1982, while incarcerated in the Roederer Farm Center, a minimum security institution. The complaint included numerous allegations concerning the conditions of confinement at Roederer and requested injunctive relief and damages. Upon agreement of the parties, all of plaintiff's claims were dismissed without prejudice except those alleging denial of adequate medical care and access to the courts. Plaintiff claimed that he had been denied medication and effective medical treatment for a sore throat, chest cold, chest pain, stomach ache, respiratory problems, and inflamed eyelids. He alleged that the prison medical personnel were untrained and failed to properly diagnose and treat his complaints. In his access to the courts claim, plaintiff alleged that the law library at Roederer was inadequate, the inmate legal aide was untrained and the outside attorney would assist inmates only in crimi al matters. Both parties filed motions for summary judgment on these issues. The district court granted defendants' motion for summary judgment on the grounds that defendants' conduct did not constitute a deliberate indifference to serious medical needs and plaintiff had not been denied access to the courts. We affirm.
 
 
 5
 The Court of Appeals in reviewing a summary judgment must apply the same test the district court applies in ruling on a summary judgment motion. Glenway Industries, Inc. v. Wheelabrator-Frye, Inc., 686 F.2d 415 (6th Cir. 1982). Summary judgment is appropriate when, construing the pleadings most favorably to the nonmoving party, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Bouldis v. U.S. Suzuki Motor Corp., 711 F.2d 1319, 1324 (6th Cir. 1983); Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 6
 A prisoner in an action under 42 U.S.C. Sec. 1983 claiming that medical treatment violates his civil rights must allege acts or omissions amounting to a deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976); Byrd v. Wilson, 701 F.2d 592 (6th Cir. 1983). An allegation of mere negligence in diagnosis or treatment is not actionable under section 1983. Estelle v. Gamble, supra; Byrd v. Wilson, supra, 701 F.2d at 595 n.2. A claim of inadequate medical treatment may state a constitutional claim if the treatment rendered is 'so woefully inadequate as to amount to no treatment at all.' Westlake v. Lucas, 537 F.2d 857, 860-861 (6th Cir. 1976); accord, Scharfenburger v. Wingo, 542 F.2d 328 (6th Cir. 1976); Tolbert v. Eyman, 434 F.2d 625 (9th Cir. 1970). However, a difference of opinion between the physician and patient over proper diagnosis and treatment does not state a constitutional claim. Tolbert v. Eyman, supra; see Estelle v. Gamble, supra, 429 U.S. at 107; Westlake v. Lucas, supra, 537 F.2d at 860 n.5.
 
 
 7
 Plaintiff claims he was not properly treated for an eye inflammation. However, he admitted in his deposition that the medication he received lessened the inflammation. He also admitted that he was treated for his other complaints. He admitted that, except for the eye problems which continue to be treated, all of his ailments healed themselves. The plaintiff's medical records and his own deposition testimony demonstrate that his medical complaints were treated by defendants. In addition, none of the complaints were serious. At most, plaintiff has shown that he disagrees with the treatment he received. Therefore, the district court correctly granted summary judgment on this issue.
 
 
 8
 Plaintiff's second claim is that he was denied effective access to the courts by the lack of an adequate law library and legal assistance at Roederer. The district court found that plaintiff had not been denied access to the courts because Roederer inmates desiring to use the law library could be transferred to the Kentucky State Reformatory to use the library there, and in fact plaintiff was so transferred. In addition, plaintiff filed at least two lawsuits other than the present one while incarcerated at Roederer. Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). However, to state a claim under section 1983, the prisoner must allege that he was actually denied access to the courts, not to the prison law library. Walker v. Mintzes, 771 F.2d 920 (6th Cir. 1985); see Holt v. Pitts, 702 F.2d 639 (6th Cir. 1983). Access to the courts is not equated with the adequacy of a prison law library. Walker v. Mintzes, supra, quoting with approval Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978); see Bounds v. Smith, supra.. Plaintiff was transferred to the Kentucky State Reformatory to allow him to use the law library there, which is not alleged to be inadequate. See Harrington v. Holshouser, 741 F.2d 66 (4th Cir. 1984). Plaintiff argues on appeal that the necessity of transfer to a higher security classification facility to use the law library placed a burden on his right of access to the courts. However, inmates have no constitutional right to be incarcerated in any particular state institution and may be transferred at the discretion of state officials unless the state has created a liberty interest in remaining in a particular institution. See Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Kentucky has not created such a liberty interest; transfer of prisoners is within the discretion of the corrections cabinet. See Ky. Rev. Stat. Sec. 197.065. Plaintiff argues that his transfer to the Kentucky State Reformatory was punitive and in retaliation for his exercise of his constitutional rights. A transfer in retaliation for a prisoner's exercise of his constitutional right of access to the courts is impermissible. McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979); Garland v. Polley, 594 F.2d 1220 (8th Cir. 1979). However, the transfer in this case was not in retaliation for exercise of constitutional rights, but was effected to allow plaintiff to exercise his right of access to the courts. Plaintiff had no right to remain at Roederer. See Olim v. Wakinekona, supra. Therefore, the district court properly granted summary judgment on this issue.
 
 
 9
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation