836 F.2d 549
 129 L.R.R.M. (BNA) 2464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cecil G. HARRIS, Plaintiff-Appellant,
v.
REFINERS TRANSPORT & TERMINAL CORPORATION, Local Union No.
20, International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of
America, and William
Lichtenwald,
Defendants-Appellees.
 No. 86-3938.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, plaintiff-appellant Cecil G. Harris contends that on or around January 10, 1984, he was wrongfully discharged by defendant-appellee Refiners Transport & Terminal Corporation. He also alleges that defendants-appellees Local Union No. 20, International Brotherhood of Teamsters (the Union), and business agent William Lichtenwald, were unfaithful in their representation of him during his hearing before the Ohio Joint State Grievance Committee. His original action, filed in the United States District Court for the Northern District of Ohio, was pursuant to Sec. 301 of the Labor Management Act, 29 U.S.C. Sec. 185 (1982) and Sec. 202 of the Labor Management Reporting & Disclosure Act, 29 U.S.C. Sec. 411 et seq. (1982). The case was dismissed by the district court in a ruling granting summary judgment to the defendants. Harris appealed to this court. Because we find no genuine issue of material fact, we affirm.
 
 
 2
 Refiners Transport and Terminal Corporation's business is to transport liquid chemicals by the means of tractor-trailer trucks. Plaintiff-appellant Harris, claims that he was fired from his truck driver's job with Refiners because he followed the federal government's safety requirements and his employer's written rules, and because he would not "cut safety corners" or work "for free" as other drivers did.
 
 
 3
 On January 5, 1984, in accordance with its collective bargaining agreement, Refiners held a pre-discharge meeting with Harris and a Local 20 representative. At that meeting, Refiners reviewed Harris' work record and indicated that he had violated company rules twelve (12) times during the preceding nine (9) months. Therefore, Refiners claims that Harris' discharge was justified and not violative of its collective bargaining agreement with the Union.
 
 
 4
 The next day Harris exercised his right under the collective bargaining agreement to file a written grievance protesting his dismissal. Since Refiners and Local No. 20 were unable to resolve the grievance, the Union sent Harris' grievance to the Ohio Joint State Grievance Committee (the Committee). A hearing was held on January 10, 1984, during which Refiners again reviewed Harris' work history and its reasons for dismissing him. Both the Union business representative, William Lichtenwald, and Harris gave reasons why Harris' dismissal ought not be upheld. After examining the evidence presented, the Committee deliberated and issued a majority decision sustaining Refiner's discharge of Harris. Harris then appealed to federal district court.
 
 
 5
 Harris brought his federal court action pursuant to section 301 of the Labor Management Act, 29 U.S.C. Sec. 185, and Title I, section 2 of the Labor Management Reporting and Disclosure Act, 29 U.S.C. Sec. 411 et seq. District court jurisdiction was pursuant to 18 U.S.C. Secs. 1331, 1337, and 29 U.S.C. Sec. 185. Harris' claim arose out of his discharge by Refiners and the Union's handling of his grievance. Refiners' motion for summary judgment was granted by the district court because Harris failed to show that either Refiners or Local No. 20 breached the collective bargaining agreement by acting in a manner which was arbitrary, capricious, or in bad faith. This is the standard Hines v. Anchor Motor Freight, 424 U.S. 554, 570 (1976) states an employee must meet in order to prevail in a section 301 action. Harris did not respond to the motion and judgment was entered against him on March 31, 1986.
 
 
 6
 On April 11, 1986, however, Harris filed a motion for a new trial and a motion to alter and amend judgment pursuant to Fed.R.Civ.P. 59. He also filed a motion to vacate the judgment pursuant to the "inherent power of this Court to reconsider and vacate." On April 30, 1986, he filed a motion for leave to amend his complaint and again moved the district court to vacate the judgment of March 31, 1986, pursuant to Fed.R.Civ.P. 60(b). Each motion was opposed by both defendants. In turn, Harris replied to a number of the defendants' oppositions and a notice of appeal was filed by him on April 30, 1986.
 
 
 7
 The district court found four motions before it: (1) a motion for a new trial pursuant to Fed.R.Civ.P. 59(a); (2) a motion to alter and amend the judgment pursuant to Fed.R.Civ.P. 59(e); (3) a motion to vacate the March 31, 1986 judgment pursuant to Fed.R.Civ.P. 60(b); and (4) a motion for leave of the Court to amend the complaint.
 
 
 8
 The district court held that a motion for a new trial subsequent to a summary judgment motion was technically improper, 6-Pt. 2 J. Moore, Moore's Federal Practice p 56.26-1 (2d ed. 1987), and therefore found no merit in it. It also concluded that none of Harris' other allegations, even when judged in a light most favorable to him, established a genuine issue of material fact. Thus, the court denied all of Harris' motions. Harris now appeals the district court's grant of summary judgment. For the reasons set forth below, we agree that summary judgment was appropriate.
 
 I.
 
 9
 In Glenway Industries, Inc. v. Wheelabrator-Frye, Inc., 686 F.2d 415 (6th Cir.1982) (per curiam), we noted that a "court of appeals is mandated to apply the same test in passing upon an award of summary judgment as that utilized by the trial court to grant the motion." Id. at 417 (citing Howard v. Russell Stover Candies, Inc., 649 F.2d 620, 623 (8th Cir.1981)). It is the task of the district court to determine whether there are any genuine issues of fact to be resolved without weighing the evidence. In deciding this it "must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant." Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir.1962).
 
 
 10
 In essence, the district court must follow Fed.R.Civ.P. 56(e). In relevant part the Rule states:
 
 
 11
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials ... [of his] pleading, but ... [his] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If ... [he] does not so respond, summary judgment, if appropriate, shall be entered against ... [him].
 
 
 12
 Pursuant to Rule 56(e), once Refiners moved for summary judgment, Harris was obligated to demonstrate that the district court's grant of the motion would be improper. He must have shown either the existence of a material question of fact or that the underlying substantive law did not permit such a decision. Harris did neither. In fact, he did not respond to Refiner's motion. Thus, the district court was forced to rely on the complaint and other portions of the record in deciding whether the defendants were entitled to judgment as a matter of law. In so doing, it concluded that Harris failed to establish that either Refiners or the Union violated the collective bargaining agreement. This conclusion was based upon Harris' failure to show that the action complained of was done capriciously, arbitrarily or in bad faith. Hines v. Anchor Motor Freight, 424 U.S. 554, 570 (1976). We agree that Harris failed to make this showing and therefore affirm the grant of summary judgment for Refiners.
 
 
 13
 As for Harris' allegation of unfair representation by the Union, we also find this claim to be without merit. The Supreme Court has held that a breach of the duty of fair representation is found only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. Vaca v. Sipes, 386 U.S. 171, 190 (1967). We do not think that Harris meets the Vaca standard since the only support he provides for his allegations are his own answers to Refiners' interrogatories and request to produce documents. Thus, we hold that the district court was correct in labeling those statements conclusory and unsupported. For this reason we conclude that the district court was correct in granting summary judgment for the Union. Accordingly, we AFFIRM the judgment of the district court.