875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald BAKER, Plaintiff-Appellant,
v.
STATE AUTO INSURANCE COMPANIES, Defendant-Appellee.
 No. 88-3677.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and ODELL HORTON, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Gerald Baker appeals from a district court grant of summary judgment in favor of State Auto Insurance Companies. Our criteria for determining the propriety of the summary judgment are the same as those that bound the court below. Glenway Industries, Inc. v. Wheelabrator-Frye, Inc., 686 F.2d 415, 417 (6th Cir.1982). We agree with the district court that there was no genuine issue of material fact for trial and that the defendant was entitled to judgment as a matter of law. Accordingly, we affirm.
 
 I.
 
 2
 Baker was a State Auto Claims Adjuster and was promoted to the position of Senior Claims Adjuster after he had been with State Auto for six years and three months. After being promoted, Baker sued State Auto, alleging that the company violated 42 U.S.C. Sec. 1981 by not promoting him earlier.
 
 II.
 
 3
 42 U.S.C. Sec. 1981 prohibits racial discrimination in public or private sector employment. To support a Sec. 1981 claim in the context of an employment dispute, the plaintiff, a black man, is required to prove that his employer treated him differently than it treated whites. Smith v. Pan Am World Airways, 706 F.2d 771, 773 (6th Cir.1983). The plaintiff must also show that the disparate treatment was intentional, because a violation of 42 U.S.C. Sec. 1981 can be found only where the plaintiff has proven discriminatory purpose. General Building Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982); Detroit Police Officers' Ass'n v. Young, 608 F.2d 671, 692 (6th Cir.1979), cert. denied, 452 U.S. 938 (1981).
 
 
 4
 Baker attempted to meet his prima facie Sec. 1981 burden by providing evidence of treatment different than what had been accorded fellow white employees, from which the court could infer intent to discriminate. See Smith, 706 F.2d at 773. Specifically, he attempted to show that State Auto promoted whites faster than blacks. But the facts indicate that only one Senior Adjuster at the time of his promotion had less insurance industry experience than Baker. Moreover, that employee had only a few months less experience than plaintiff and was not similarly situated in that, in contrast to Baker's performance review, the white employee's unchallenged review indicated that he was one of the company's finest adjusters. Given that record, we can draw no logical inference of intentional racial discrimination from the fact that State Auto promoted the white employee sooner than it promoted Baker. We have reviewed the record and agree with the district court that Baker offered no other relevant evidence tending to prove an intent to discriminate.
 
 
 5
 Finally, at oral argument Baker argued that the district court erred by failing to consider his evidence of disparate impact before holding that he had failed to support a prima facie Sec. 1981 employment discrimination case. We find no error here. The disparate impact theory of racial discrimination is inapplicable to Sec. 1981 claims because recovery under Sec. 1981 requires proof of intent to discriminate. Moreover, even if Baker's claim had been brought under Title VII, which permits recovery based on proof of disparate impact, the evidence Baker offered would have failed to prove such a claim. Baker alleged that State Auto's promotion policy had a discriminatory impact based on the fact that most of the company's Senior Claims Adjusters were white. But Baker failed to present any reliable statistical or other evidence to show that there were fewer blacks promoted to or hired as Senior Claims Adjuster than would have been expected absent a discriminatory policy, because he failed to indicate what would have been expected absent the allegedly discriminatory policy. In fact, from the record it appears that Baker was the only black person available for promotion to the senior position.
 
 III.
 
 6
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Odell Horton, Chief District Judge for the United States District Court, Western District of Tennessee, sitting by designation