892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeff K. PEACE, Plaintiff-Appellant,
v.
Donna CALDWELL, R.N., et al., Defendants-Appellees.
 No. 88-1947.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 14, 1989.*
Decided Jan. 9, 1990.
 
 1
 Before WIGGINS and KOZINSKI, Circuit Judges, and QUACKENBUSH**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jeff Peace, a prisoner at Nevada State Penitentiary (NSP) timely appealed the summary judgment dismissal of his civil rights complaint in which he alleged that certain members of the medical staff at NSP and the Director of the Nevada Department of Prisons have caused him to suffer cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of Mr. Peace's complaint, Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984), and we affirm.
 
 
 4
 Peace's complaint alleged that he had been denied proper medical treatment for headaches, due to Dr. Gay's refusal to refer him to a specialist and his order, following discovery that Peace was "hoarding" medications, that prescription medication be administered in crushed or powdered form. It alleged that defendants Caldwell and Fox refused to give him aspirin or Tylenol at his request, failed to carry sufficient Tylenol or aspirin on noon pill-calls, on occasion carried insufficient supplies of aspirin and Tylenol on their rounds, refused to return to his unit to bring aspirin or Tylenol when he missed pill call, and denied him access to Dr. Gay. The complaint also alleged that defendant Sumner refused to adequately fund and staff the prison medical department, and that he refused to properly investigate and change prison policy prohibiting nurses from returning to units between rounds in non-emergency situations.
 
 
 5
 The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. Zweig v. Hearst Corp., 521 F.2d 1129 (9th Cir.), cert. denied, 423 U.S. 1025 (1975). The moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute. Fed.R.Civ.P. 56(c); Semegen v. Weidner, 780 F.2d 727 (9th Cir.1985). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. See v. Durang, 711 F.2d 141 (9th Cir.1983).
 
 
 6
 The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 7
 In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determination of whether a fact is material; (2) determination of whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) consideration of that evidence in light of the appropriate standard of proof. Anderson, supra. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. Id. at 248. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, supra.
 
 Section 1983 claims
 
 8
 Under 42 U.S.C. § 1983, a person may be found liable for deprivation of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). However, conclusory allegations, unsupported by facts, are insufficient to support a cause of action under the civil rights statute. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977).
 
 
 9
 The Eighth Amendment, made applicable to the states by the Fourteenth Amendment, when applied to convicted prisoners involves consideration of three factors: (1) the wanton and unnecessary infliction of pain; (2) punishment which is disproportionate to the severity of the crime; and (3) conditions which, alone or in combination, deprive an inmate of the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In the instant case, Peace's claims are based upon the first factor, the wanton and unnecessary infliction of pain.
 
 
 10
 "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." (citations omitted). Whitley v. Albers, 475 U.S. 312, 321-22, 106 S.Ct. 1401 (1986). A prison condition constitutes unnecessary and wanton infliction of pain when that condition violates evolving standards of decency, or is so totally without penological justification that it results in the gratuitous infliction of suffering. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). For example, deliberate indifference to serious medical needs constitutes such unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 1. Claims against Dr. Gay
 
 11
 Plaintiff alleges that Dr. Gay violated his constitutional rights by refusing to refer him to a specialist, and by ordering that his medication be administered in crushed or powered form after Peace was found hoarding a small amount of medicine. Plaintiff does not dispute that Dr. Gay has treated him extensively for back pain and headaches, which included conducting a number of tests to determine the source of the headaches, the authorization that Peace be given two mattresses and two pillows to provide better back support, and the prescribing of three prescription medications in addition to the Tylenol or aspirin, which were available during those times that his prescription medications were not. Plaintiff admitted that the prescription medications afforded him "a certain degree of relief." Dr. Gay's decision not to refer plaintiff to a neurologist was made based upon his expertise, plaintiff's medical history, and his personal examination and evaluation. This conduct does not rise to the level of deliberate indifference to serious medical needs.
 
 
 12
 Although it is disputed whether plaintiff ever informed Dr. Gay that he believed the cause of his headaches was light sensitivity, this was not a material fact rendering summary judgment inappropriate. It is not disputed that Dr. Gay performed tests to determine the source of the headaches and that he prescribed medication to treat them, which medication was effective. The fact that plaintiff does not agree with the diagnosis and treatment does not establish that he has been subjected to cruel and unusual punishment. Estelle v. Gamble, 429 U.S. at 107. Prison medical officers have wide discretion in treating prisoners, and unless they fail to provide medical care for serious medical problems, or their treatment is so cursory as to amount to no treatment at all, they have not violated constitutional rights. Tolbert v. Eyman, 434 F.2d 625, 626 (9th Cir.1970).
 
 
 13
 The essence of plaintiff's complaint appears to be his objection to the administration of his medications in crushed or powdered form, which he found to be humiliating and infantile. Whatever humiliation plaintiff might feel, NSP's actions do not constitute "cruel and unusual punishment." The Eighth Amendment does not prohibit a prison practice merely because an inmate finds it offensive. Rather, the Eighth Amendment prohibits only those practices that are "cruelly inhumane or disproportionate to the crime involved." Gregg v. Georgia, 428 U.S. 153, 175 (1976). Assuming that the crushing of aspirin could be punishment, it is neither cruel nor unusual. Nor is NSP thereby deliberately indifferent to plaintiff's serious medical needs.
 
 
 14
 Alternatively, even if aspirin crushing could violate one of plaintiff's constitutional rights, that practice was sufficiently justified here. NSP asserts that this procedure is routinely followed when an inmate is found hoarding medications, pursuant to AR 635. In Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 2261 (1987), the Supreme Court held that a prison regulation which impinges on an inmates' constitutional rights is valid if it is reasonably related to legitimate penological interests. In determining whether the regulation meets the reasonableness requirement, three factors are relevant: (1) whether there is a valid, rational connection between the rule or practice and the legitimate, governmental interest put forward to justify it; (2) whether there are alternative means of exercising the rights that remain open to prison inmates; and (3) the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally. Id. at 2262.
 
 
 15
 In the instant case, it is clear that NSP has a legitimate penological interest in preventing inmates from hoarding medications. Even such ordinary medications as aspirin can be extremely hazardous when ingested in large quantities. Rather than denying the inmate any medication upon being discovered hoarding, NSP has chosen the reasonable alternative of crushing the medication in those cases where its effectiveness is not adversely affected thereby. Dr. Gay testified that the medications prescribed to Peace were not affected by crushing. Once reduced to powdered form the medication is diluted in liquid, with a sweetener added to minimize any unpleasant taste.[1] This procedure does not rise to the level of deliberate indifference to serious medical needs and therefore does not constitute a constitutional deprivation.
 
 2. Claims against Nurses Caldwell and Fox
 
 16
 Plaintiff alleges that defendants Caldwell and Fox denied him prescription medication. However, the evidence before the court discloses that plaintiff was only denied prescription medication when his prescriptions expired or were terminated by Dr. Gay due to plaintiff's refusal to take them in crushed form. Caldwell and Fox are not licensed or authorized to distribute prescription medications without a doctor's authorization. Accordingly, their refusal to do so does not constitute a constitutional deprivation.
 
 
 17
 Assuming that plaintiff proved his allegations that Caldwell and Fox occasionally carried insufficient aspirin or Tylenol on their rounds and did not carry them on the noon pill call, and that they offered him only crushed aspirin or Tylenol despite the fact that Dr. Gay's crushing order only specifically referred to the prescription medications, this conduct nevertheless does not rise to the level of deliberate indifference to serious medical needs. Therefore any dispute about these facts is not material. As for plaintiff's claim that they denied him access to Dr. Gay, plaintiff offered no evidence that he submitted a written request to see Dr. Gay which was not granted. Therefore, this conclusory allegation is insufficient to support a claimed violation of § 1983.
 
 3. Claims against Sumner
 
 18
 The sole claims against Sumner are that he allegedly failed to provide sufficient medical staff at NSP, and did not immediately adopt plaintiff's demand for a change in prison policy to permit nurses to return to a wing when an inmate has missed the pill call. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that, in their judgment, are necessary to preserve internal order and discipline and to maintain institutional security. Whitley v. Albers, 475 U.S. 312, 321-22, 106 S.Ct. 1401 (1986). Assuming, arguendo, that a policy existed prohibiting nurses from returning to units between pill rounds in non-emergency situations, and that Sumner was responsible for its implementation, plaintiff has not shown that the denial of headache medication on such occasions constitutes deliberate indifference to serious medical needs.
 
 
 19
 Peace offered no factual allegations or evidence to support his claim that the prison is inadequately staffed. This claim is clearly vague and conclusory and was properly dismissed.
 
 Section 1985 Claims
 
 20
 A claim under 42 U.S.C. § 1985 involves a conspiracy to interfere with certain civil rights, including a conspiracy to deprive any person of the equal protection of the laws. However, a claim which merely alleges conspiracy, without factual specificity, is not sufficient to withstand a motion to dismiss or for summary judgment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir.1988). To establish a conspiracy under § 1985(3), plaintiff must establish an intent to deprive him of equal protection, or equal privileges and immunities, which requires some racial or otherwise class-based, invidiously discriminatory animus behind the conspirators' actions. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Glover v. Tower, 700 F.2d 556, 558 (9th Cir.), aff'd, 467 U.S. 914 (1984). In the instant case, plaintiff has alleged no class-based discrimination or discriminatory intent, has pleaded no facts supporting such a claim, and has offered no evidence upon which a finding of discriminatory intent could be based. Accordingly, he has failed to state a claim under § 1985.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Justin L. Quackenbush, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief on appeal, Peace alleges that the nurses did not follow the required procedures to mask the unpleasant taste. However, that allegation was not raised below and is therefore not properly before the court on appeal